# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

|  |  |
|---|---|
| MARCUS STEWART, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 1:24-cv-7-RWS |
| ) | |
| BILL STANGE, ) | |
| ) | |
| Respondent. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on state-court prisoner Marcus Stewart's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. On April 16, 2024, the Court ordered Petitioner to show cause why the petition should not be dismissed for being filed late. ECF No. 5. Petitioner's response was due by May 16, 2024, and nothing has been received by the Court. As such, the petition for writ of habeas corpus will be denied and dismissed as time-barred.

### Background

Based on an independent review on Case.net, Missouri's online case management system, Petitioner pled guilty to ten total counts, in three separate criminal cases, on March 1, 2019, in the city of St. Louis, Missouri. *State v. Stewart*, No. 1722-CR04780-01 (22nd Jud. Cir. 2017); *State v. Stewart*, No. 1722-CR04795-01 (22nd Jud. Cir. 2017); *State v. Stewart*, No. 1822-CR00813-01 (22nd Jud. Cir., 2018). On that same date, Petitioner was sentenced to a total of 15 years' life imprisonment with "all charges and all cases to run concurrent." Petitioner did not file a direct appeal of the judgment or a motion to transfer to the Missouri Supreme Court.

However, on June 26, 2019, Petitioner filed a *pro se* motion to vacate, set aside or correct sentence pursuant to Missouri Supreme Court Rule 29.15. *Stewart v. State*, No. 1922-CC10754

(22nd Jud. Cir. 2019). The motion was denied on September 27, 2021. Petitioner appealed and the Missouri Court of Appeals affirmed the denial of petitioner's Rule 29.15 motion on September 13, 2022. *Stewart v. State*, No. ED110135, 652 S.W.3d 390 (Mo. Ct. App. 2022). The Court of Appeals issued its mandate on October 6, 2022.

## The § 2254 Petition

Petitioner is currently incarcerated at the Southeast Correctional Center in Charleston, Missouri. ECF No. 1 at 1. He filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, asking the Court to vacate his 2019 sentence and remand, or just "discharge the defendant from his unlawful conviction/imprisonment." *Id.* at 21. Petitioner makes multiple arguments of alleged ineffective assistance of counsel, but he also seeks relief based on an alleged denial of due process. *Id.* at 5-18. On the section of the petition regarding 'Timeliness,' Petitioner wrote:

> N/A
> I missed my original deadline for filing this petition b/c of being in administrative segregation during the last few months of my filing dead line. And the problem is that I was[] denied my legal papers, cas[]e file, transcripts, and I was not allowed to obtain any legal materials from the law library. This [] cause is due to an external force that bonafidely circumvented me from being able to obtain and send my legal mail to court. This cause and imped[i]ment is something that was caused by some force outside of myself that created the impossibility to make a timely filing in the foregoing matter.

*Id.* at 19-20. The petition was placed in the prison mailing system on January 9, 2024. *Id.* at 21.

## Legal Standards

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Congress established a one-year statute of limitations period for petitioners seeking federal habeas relief from state court judgments. *Finch v. Miller*, 491 F.3d 424, 426 (8th Cir. 2007). This one-year statute of limitations begins to run on the latest of four alternative dates, as set forth in 28 U.S.C.

- 2 -

§ 2244(d)(1).  *Jihad v. Hvass*, 267 F.3d 803, 804 (8th Cir. 2001).  Relevant here is the provision stating that a habeas petitioner has one year from the date his judgment becomes final, to file his federal petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1)(A).

The United States Supreme Court has held that a judgment becomes final under § 2244(d)(1)(A) when the time for seeking review in the state's highest court expires.  *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012).  Under Missouri court rules, a party may appeal from a judgment by filing a notice of appeal not later than ten (10) days after the judgment becomes final.  Mo. Sup. Ct. R. 81.04(a).  *See Camacho v. Hobbs*, 774 F.3d 931, 934-35 (8th Cir. 2015) (stating that when a petitioner foregoes state appeals, the court must look to state-court filing deadlines to determine the expiration of the time for seeking direct review).

However, the AEDPA's statute of limitations tolls while state post-conviction proceedings are pending.  *Maghee v. Ault*, 410 F.3d 473, 475 (8th Cir. 2005); *see also* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.").  State post-conviction relief proceedings are "pending" for the period between the trial court's denial of the post-conviction relief and the timely filing of an appeal from it but are not "pending" for the period between the end of direct review and the date of post-conviction application filing.  *Maghee*, 410 F.3d at 475 (citing *Peterson v. Gammon*, 200 F.3d 1202, 1203 (8th Cir. 2000); *Painter v. Iowa*, 247 F.3d 1255, 1256 (8th Cir. 2001)).  Additionally, under Missouri state court procedures, post-conviction relief proceedings are not final until the issuance of the mandate.  *See Payne v. Kemna*, 441 F.3d 570, 572 (8th Cir. 2006) (determining that petitioner's petition, filed exactly one year after the issuance of mandate in his post-conviction case, was timely).

**Discussion**

The instant § 2254 petition was filed out of time. Petitioner did not file a direct appeal of his judgment in state court. As a result, his time for seeking direct review of the judgment expired ten (10) days after the judgment became final, or March 11, 2019. But Petitioner did not file his motion for post-conviction relief until June 26, 2019. As explained above, Petitioner's post-conviction proceedings were not "pending" between March 11 and June 26, 2019, so this 107-day period counts towards Petitioner's one-year statute of limitations under the AEDPA. On October 6, 2022, when the post-conviction mandate was issued, Petitioner's post-conviction proceedings became final and the AEDPA period began running again. Because 107 days of the one-year period had already run, Petitioner needed to file his § 2254 petition within 245 days of the October 6, 2022, mandate, or by June 8, 2023. However, Petitioner states on his petition that he delivered it to prison authorities for mailing on January 9, 2024. ECF No. 1 at 21. As such, it appears that the petition was filed over seven (7) months late.

Petitioner seems to admit in his petition that he missed the filing deadline, arguing that equitable tolling applies to excuse his tardiness. *Id.* at 19-20. Petitioner states that his petition is late because he was in administrative segregation, and he did not have access to his legal papers or the law library. *Id.* The Court directed Petitioner to explain his equitable tolling argument when the Court issued its April 19th Order to Show Cause. ECF No. 5. However, Petitioner failed to file a response to that Order.

Consequently, the Court finds that equitable tolling does not apply here. There is no evidence to suggest that Petitioner was diligently pursuing his rights and that some extraordinary circumstance prevented him from filing his petition in a timely manner. *See Holland v. Florida*, 560 U.S. 631, 649 (2010); *Muhammad v. United States*, 735 F.3d 812, 815 (8th Cir. 2013). The

Court notes that according to the Eighth Circuit, an unrepresented prisoner's allegations of "a lack of legal knowledge or legal resources" is not sufficient to warrant equitable tolling. *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000). Petitioner's statement here that he was in administrative segregation without access to legal resources, is not enough to justify equitable tolling. *See Muhammad*, 735 F.3d at 815 (finding no extraordinary circumstances justifying equitable tolling where movant argued that he was detained in a separate housing unit for five months where he did not have access to the law library or his personal, legal materials).

## Conclusion

The instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 was filed over seven (7) months late. Equitable tolling is not warranted here. As such, the petition will be denied and dismissed as time-barred.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2254 [1] is **DENIED** and **DISMISSED** as time-barred. *See* 28 U.S.C. § 2244(d)(1).

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability. *See* 28 U.S.C. § 2253.

A separate Order of Dismissal will accompany this Memorandum and Order.

Dated this 30th day of May, 2024.

                                                  RODNEY W. SIPPEL
                                                  UNITED STATES DISTRICT JUDGE